**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| L.F.V.-P.<br><br>Petitioner,<br><br>v.<br><br>Markwayne Mullin et al.,<br><br>Respondents. | Case No. 2:26-cv-07881-DFM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner L.F.V.-P., an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"); Dkt. 1-1 ("Sheldon Decl."). Respondents filed an Answer, see Dkt. 8 ("Answer"), and Petitioner filed a Reply, see Dkt. 9 ("Reply"). The Court then ordered Respondents to supplement the record and to file a supplemental brief. See Dkt. 10. Respondents filed a supplemental brief and six exhibits, see Dkt. 11 ("Supp. Br."), and Petitioner responded, see Dkt. 12 ("Supp. Reply").

The Petition raises two claims under the Due Process Clause of the Fifth Amendment arising from Petitioner's arrest and detention on February 24, 2026: that Respondents re-detained him without a pre-deprivation hearing, and that his detention serves no legitimate purpose. Petitioner seeks immediate

release on the conditions in place before his arrest and an injunction against future re-detention absent a custody hearing.

For the reasons set forth below, the Petition is **GRANTED IN PART** and **DENIED IN PART**. Respondents are ORDERED to provide Petitioner a prompt individualized custody redetermination under 8 U.S.C. § 1226(a).

## II. BACKGROUND

Respondents' records reflect that Petitioner entered the United States on foot at 12:04 p.m. on August 24, 2022, one-half mile west of Calexico, California, and that the Border Patrol apprehended him near Calexico at 7:59 p.m. the same day. See Supp. Br., Ex. A ("Parole Records"), Dkt. 11-1 at 2. On August 25, 2022, the Department of Homeland Security paroled him under 8 U.S.C. § 1182(d)(5)(A). See id. The parole stamp states that parole was authorized "Until 10/25/22." See id. A document served with the parole grant advised: "AS A CONDITION OF YOUR PAROLE YOU ARE TO REPORT TO THE [ICE] OFFICE NEAR YOUR FINAL DESTINATION WITHIN 60 DAYS." Supp. Br., Ex. C ("Form I-385"), Dkt. 11-1 at 11. The contemporaneous Form I-213 records the reason for the release: "Subject released with I-94 as an Alternate to Detention as a Condition of Parole. Subject was paroled due to detention capacity." Supp. Br., Ex. B ("Form I-213"), Dkt. 11-1 at 8. The record contains no individualized determination that Petitioner did not present a risk of flight or a danger to the community. Compare id., with Petition ¶¶ 2, 14, 32, 44 (alleging that parole reflected such a determination).

Petitioner alleges, and Respondents do not contest, that he settled in Los Angeles County; that he filed an application for asylum in August 2023 that remains pending; that he obtained a California driver's license in December 2023; that he was granted employment authorization on or about April 17, 2024; that he appeared at the ICE Los Angeles Field Office on or about April

3, 2024; and that he has no criminal convictions. See Petition ¶¶ 3, 16-19; Sheldon Decl. ¶¶ 5-6, 8-10.

On February 24, 2026, Petitioner appeared for a scheduled asylum interview in Tustin, California, where he was arrested. See Petition ¶¶ 5, 20; Sheldon Decl. ¶ 11. A Warrant for Arrest of Alien issued the same date. See Supp. Br., Ex. D ("Warrant"), Dkt. 11-1 at 13. Petitioner was served the same date with a Notice to Appear charging him under 8 U.S.C. § 1182(a)(6)(A)(i). See Supp. Br., Ex. E ("NTA"), Dkt. 11-1 at 16. The NTA designated Petitioner as "an alien present in the United States who has not been admitted or paroled." Id. Petitioner has been detained at the Adelanto Detention Facility since that date. See Petition ¶ 10.

On July 15, 2026, an immigration judge ("IJ") denied Petitioner's motion to terminate removal proceedings, reasoning that his "parole was terminated upon issuance of the NTA and he reverts to his previous status at the time of parole," and finding that he "entered the United States without inspection." Supp. Br., Ex. F ("IJ Order"), Dkt. 11-1 at 20. Petitioner reserved appeal. See id. Respondents state that "[i]t does not appear that Petitioner has had a bond hearing." Supp. Br. at 4.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

### A. Jurisdiction

Respondents contend in their supplemental brief that 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(5) strip the Court of jurisdiction. See Supp. Br. at 7-10.

"[T]the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal." Flores-Torres v. Mukasey, 548 F.3d 708, 711 (9th Cir. 2008) (citation omitted). Section 1252(b)(9) likewise "does not preclude habeas petitions that challenge detention or do not otherwise involve final orders of removal." Id. at 712 n.6. Here, no removal order has issued, and thus §§ 1252(b)(9) and 1252(a)(5) do not apply.

Section 1252(g) is confined to three discrete actions: the decision or action to commence proceedings, adjudicate cases, or execute removal orders. See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999). Petitioner challenges neither the commencement of his removal proceedings nor the adjudication of his case nor the execution of any removal order; he challenges the lawfulness of his physical custody. Respondents' reliance on Rauda v. Jennings, 55 F.4th 773 (9th Cir. 2022), is misplaced, as that decision concerned the execution of an existing removal order. The Court has jurisdiction under § 2241(c)(3).

Although 8 U.S.C. § 1226(e) limits review of the Attorney General's discretionary custody judgments, it "does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011); see also Jennings v. Rodriguez, 583 U.S. 281, 294-95 (2018). The relief ordered below rests on Petitioner's legal entitlement to a hearing, not on review of any discretionary determination, and § 1226(e) poses no bar.

**B. Statutory Authority for Petitioner's Detention**

Petitioner entered without inspection between ports of entry and was arrested in Tustin, more than three years later, on a warrant. See Parole Records; Warrant. "[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of §

1226, not § 1225(b)(2)(A).” Rodriguez Vazquez v. Bostock, No. 25-6842, --- F.4th ---, 2026 WL 2196424, at *2 (9th Cir. July 30, 2026). Petitioner is therefore detained under 8 U.S.C. § 1226(a), which permits release on bond. Respondents agree. See Supp. Br. at 3 (“Petitioner’s present detention is authorized by 8 U.S.C. § 1226.”). Respondents’ assertion that Rodriguez Vazquez “is not applicable to Petitioner’s current detention as he was previously paroled,” id., is unexplained and curious, since § 1226 is the regime Rodriguez Vazquez assigns to noncitizens in Petitioner’s position.

**C. Exhaustion**

Respondents contend that Petitioner must appeal the IJ’s denial of his motion to terminate before seeking habeas relief. See Supp. Br. at 4-7. The argument is directed at the wrong proceeding.

A noncitizen must ordinarily exhaust available administrative remedies before challenging immigration detention under § 2241. “Once an alien has received a . . . bond hearing before an [IJ], he may appeal the IJ’s decision to the Board of Immigration Appeals (BIA). If the alien is dissatisfied with the BIA’s decision, he may then file a habeas petition in the district court.” Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011). When a petitioner does not exhaust this prudential remedy, “a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.” Id. at 1160.

Leonardo describes the exhaustion of a custody decision. Respondents identify no custody decision for Petitioner to have appealed. To the contrary, they acknowledge that “[i]t does not appear that Petitioner has had a bond hearing.” Supp. Br. at 4. The denied motion to terminate removal proceedings addresses removability, not custody. See IJ Order. Custody proceedings are separate from removal proceedings, and an appeal from that order would not have produced a custody hearing. Respondents’ further contention that the

BIA is "demonstrably a fair forum," Supp. Br. at 6, rests on Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). That concerns the deference owed to a BIA decision under review. It does not speak to whether exhaustion should be required where no custody decision exists to appeal.

### D. Procedural Due Process

Count One alleges that Respondents revoked Petitioner's parole and re-detained him without a pre-deprivation hearing before a neutral adjudicator. See Petition ¶¶ 24-36.

At the outset, both parties appear mistaken about Petitioner's status. Parole granted for a fixed period is "automatically terminated without written notice" upon "the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1), (e)(1)(ii). The provision on which the parties rely applies only "[i]n cases not covered by paragraph (e)(1)." Id. § 212.5(e)(2)(i). Petitioner's parole was authorized "Until 10/25/22" and required him to report within sixty days. See Parole Records, Dkt. 11-1 at 2; Form I-385, Dkt. 11-1 at 11. Nothing in the record indicates that Petitioner's parole was extended; it thus appears to have expired by its own terms on October 25, 2022. The notice provision therefore never applied to him, and the Notice to Appear served on February 24, 2026, did not terminate a parole that had ended some forty (40) months earlier. Petitioner accordingly held no grant of parole for Respondents to revoke.

Regardless, Petitioner remained at liberty under government supervision for approximately forty (40) months after his parole lapsed. Assuming without deciding that supervised liberty gave rise to an interest protected by the Due Process Clause, Petitioner has not shown that due process required a neutral hearing before his arrest. The Due Process Clause protects a person's interest in conditional liberty once he has been released. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972). But Morrissey does not require that the neutral

determination precede the arrest. The Court described a two-stage process in which "[t]he first stage occurs when the parolee is arrested and detained," followed by a "minimal inquiry" conducted "as promptly as convenient after arrest." Id. at 485. What Morrissey secures is prompt individualized review.

The arrest itself rested on an objective statutory basis. Section 1226(a) authorizes arrest and detention "[o]n a warrant issued by the Attorney General," and a warrant issued here. See Warrant, Dkt. 11-1 at 13. Petitioner has not shown that the Constitution required a neutral determination to precede that arrest.

Morrissey's second requirement is a different matter. Assuming Petitioner's supervised liberty constituted a protected interest, due process required a reasonably prompt opportunity for individualized review after his arrest. The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. Mathews is a flexible test that must account for the heightened governmental interest in the immigration context, and the process actually available to the detainee bears on the strength of the private interest. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Each factor favors Petitioner. His interest in freedom from physical detention is substantial. The risk of erroneous deprivation is significant, because the record contains no neutral custody determination and no identified finding that Petitioner presents a risk of flight or a danger to the community. And the burden on Respondents is slight, because the process required is the custody proceeding that § 1226(a) and its implementing regulations already contemplate. See 8 C.F.R. §§ 1003.19, 1236.1(c)(8). The Ninth Circuit has held

that those procedures "satisfy due process, both facially and as applied." Rodriguez Diaz, 53 F.4th at 1210-13. The defect here is not in the procedures the statute prescribes but in their absence. Nearly six (6) months after his arrest, Petitioner has received none of them. The failure to afford reasonably prompt individualized review violated procedural due process.

Relief on Count One is therefore warranted insofar as Petitioner seeks prompt individualized post-arrest review, and denied insofar as he seeks a pre-arrest hearing, immediate release, or a hearing at which Respondents bear the burden by clear and convincing evidence.

## E. Substantive Due Process

Count Two alleges that Petitioner's detention bears no reasonable relation to a legitimate purpose. See Petition ¶¶ 37-46. Detention under § 1226(a) pending a decision on removal is rationally related to the government's interests in ensuring appearance and protecting the community, and those interests do not diminish while removal proceedings remain pending. See Rodriguez Diaz, 53 F.4th at 1206-07. The Ninth Circuit has held that § 1226(a)'s procedures "satisfy due process, both facially and as applied," and that the Due Process Clause does not require a bond hearing with a shifted burden of proof. See id. at 1210-13. Petitioner's reliance on Zadvydas is misplaced; that decision construed the post-removal-period provision, 8 U.S.C. § 1231(a)(6), and addressed the prospect of indefinite detention after removal proceedings had concluded. See Zadvydas, 533 U.S. at 689-90. Petitioner's removal proceedings are ongoing, and the process ordered below addresses the risk of erroneous continued detention. Count Two is denied.

## F. Remedy

Where the defect is an omitted procedure, the tailored remedy is to order that procedure, not release. The Court does not enter a categorical bar on future re-detention.

The hearing is the appropriate remedy for four reasons. First, Respondents concede that § 1226(a) governs Petitioner's detention. See Supp. Br. at 3. Second, Rodriguez Vazquez confirms that Petitioner is within the § 1226 framework and therefore eligible for release on bond. Third, the record does not establish that the Department made an initial custody determination, issued a Form I-286, or gave Petitioner notice of the process available to him, and Respondents have identified no individualized finding that he presents a risk of flight or a danger to the community. Fourth, Petitioner has been detained for nearly six (6) months without any custody determination by a neutral adjudicator. Ordering the hearing is the tailored remedy for that procedural deficiency. Respondents shall provide it within seven (7) days.

The Court declines Petitioner's request to alter the burden of proof governing an ordinary § 1226(a) proceeding. Under § 1226(a) and its implementing regulations, the noncitizen bears the burden at a custody redetermination hearing of demonstrating that he is neither a danger to the community nor a flight risk. See 8 C.F.R. §§ 1003.19, 1236.1(c)(8); Rodriguez Diaz, 53 F.4th at 1210-12. The Ninth Circuit has rejected the argument that the Due Process Clause requires a hearing at which the government bears a shifted burden of proof. See id. at 1210-13. Petitioner's request for a clear-and-convincing burden, see Petition, Prayer ¶ 3(b), is denied.

Petitioner's request for immediate release is denied. His request for an injunction barring future re-detention absent a custody hearing is likewise denied, as such relief would operate as a categorical bar on the exercise of statutory detention authority.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **GRANTED IN PART and DENIED IN PART**. Count One is **GRANTED** to the extent it seeks an individualized

custody redetermination and is **DENIED** in all other respects. Count Two is **DENIED**.

2. Within seven (7) days of the date of this Order, Respondents shall provide Petitioner an individualized custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a).

3. Petitioner's request for immediate release is **DENIED**.

4. Petitioner's request for an injunction against future re-detention is **DENIED**.

5. Respondents shall file a status report within two (2) business days of the date of Petitioner's custody redetermination hearing or of his release, whichever occurs first, attesting to compliance with this Order.

Date: August 17, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge